UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY MITCHELL,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN,<br><br>          Respondent. | Case No. CV 20-7700-MWF (SP)<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION** |

## I.

## **INTRODUCTION**

On August 20, 2020, petitioner Cory Carnell Mitchell, a federal prisoner at the United States Penitentiary at Lompoc, California ("USP Lompoc"), filed a document in this Court that was docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). In fact, the Petition asks this Court to grant petitioner compassionate release under 18 U.S.C. § 3582(c)(1)(A).

As discussed further below, this Court was not petitioner's sentencing court, and therefore it lacks authority to grant his Petition for compassionate release. Indeed, a substantially similar request for petitioner's compassionate release is now pending in the sentencing court. Accordingly, the Petition will be dismissed.

1

## II.

## **PROCEEDINGS**

Records from the United States District Court for the Eastern District of Texas reflect that in case number 6:16-cr-00008 in that court, petitioner pled guilty to conspiracy to commit kidnapping.[1]  On April 5, 2017, that court sentenced petitioner to 262 months in prison.

On April 8, 2020, petitioner filed a motion in the Eastern District of Texas to reduce his sentence.  That court denied the motion six days later.  On April 24, 2020, petitioner filed a letter motion in the Eastern District of Texas for early release.  That court denied petitioner's early release motion five days later.

On July 20, 2020, petitioner filed a motion for compassionate release in the United States District Court for the Eastern District of Texas.  *See* case no. 6:16-cr-00008, docket no. 256 (E.D. Tex.).  That motion remains pending in that court.

Meanwhile, petitioner, who is incarcerated at USP Lompoc, filed the instant Petition for compassionate release in this Court on August 20, 2020.  Petitioner argues this Court should order his expeditious compassionate release because:  he contracted COVID-19 on June 7, 2020; he recently restarted taking his Humira medication, which is an immune depressant steroid that makes him extremely vulnerable to coronavirus; and the prison has delayed the administrative process to grant him compassionate release.  Petitioner's pending motion for compassionate release in the Eastern District of Texas raises substantially the same points for his release, as well as mentioning certain pre-existing conditions.  *See* case no. 6:16-cr-00008, docket no. 256 (E.D. Tex.).

///

---

[1]  The Court takes judicial notice of the docket and documents filed in case number 6:16-cr-00008 in the United States District Court for the Eastern District of Texas, which are electronically accessible through that court's CM/ECF system.  *See* Fed. R. Evid. 201.

## III.

## DISCUSSION

**A.     This Court Lacks Jurisdiction**

Petitioner seeks release under the First Step Act's compassionate release provision, found in 18 U.S.C. § 3582(c)(1)(A).  The provision permits a court to reduce a term of imprisonment on motion of the defendant (after satisfying certain administrative requirements), if the court finds, inter alia, "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(I).

The compassionate release provision is just one part of § 3582, which as a whole concerns imposition of a sentence of imprisonment.  A motion under § 3582(c) to modify a prison term consequently must be addressed to the sentencing court.  *See U.S. v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted. . . .") (citations omitted); *see also U.S. v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) ("a motion under § 3582(c)(2) is undoubtedly 'a step in the criminal case'" and is considered by the sentencing court).  Indeed, as to the compassionate release provision specifically, federal courts have consistently concluded that § 3582(c)(1)(A) authorizes only the original sentencing court to consider such a request for release.  *See, e.g., Rodriguez-Aguirre v. Hudgins*, 739 Fed. Appx. 489, 491 n.2 (10th Cir. 2018) ("[T]he district court lacked authority to entertain [petitioner's] request for relief under 18 U.S.C. § 3582(c)(1)(A) because he filed his request in the district in which he is currently confined rather than in the district that imposed his sentence.") (citation omitted); *Bolden v. Ponce*, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) ("This Court . . . has no authority to grant release under § 3582(c)(1)(A).  Only the original sentencing court can entertain such requests.") (citations omitted); *Thody v. Swain*, 2019 WL 7842560, at *2 (C.D. Cal. Nov. 26, 2019) ("[B]y its plain language, 18 U.S.C. § 3582(c)(1)(A) requires Petitioner to move for reduction in the sentencing court.")

(citations omitted); *Mohrbacher v. Ponce*, 2019 WL 161727, at *1 (C.D. Cal. Jan. 10, 2019) (while § 3582(c)(1)(A) "may afford Petitioner a basis for relief *in the sentencing court* . . . it does not provide any basis for this Court to grant relief").

As set forth above, petitioner was sentenced by the United States District Court for the Eastern District of Texas. Accordingly, only that court has authority to grant petitioner's request for compassionate release. This Court lacks jurisdiction to grant the relief petitioner seeks.

**B.     Transfer Would Not Be in the Interest of Justice**

Since this Court lacks jurisdiction, the remaining question is whether this Court should dismiss the Petition or transfer it to the sentencing court. The transfer of civil actions to cure jurisdictional defects is governed by 28 U.S.C. § 1631.[2] *Hernandez v. Campbell*, 204 F.3d 861, 865 n.6 (9th Cir. 2000) (per curiam). Transfer is appropriate under § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citing *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989)).

The first two conditions are met here: this Court lacks jurisdiction, and the Eastern District of Texas could exercise jurisdiction. But a transfer would not be in the interest of justice because petitioner already has filed a request for compassionate release in the Eastern District of Texas, and the request remains pending. As described above, the request petitioner made in the Eastern District of Texas is substantially identical to the request he made to this Court. Nothing would be gained by transferring this duplicate Petition to the Eastern District of Texas.

---

[2] It is questionable whether this is properly considered a civil action since petitioner seeks relief that may only be obtained in his criminal case; but in any event, § 1631 is instructive.

In sum, this Court lacks jurisdiction over the Petition, and transfer to the Eastern District of Texas would not be in the interest of justice. As such, the Court will dismiss the Petition without prejudice.

## IV.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action without prejudice.

DATED: August 27, 2020

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____

SHERI PYM
United States Magistrate Judge